IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RONDALE RAYNARD WRIGHT, SR.,** § | | |
| **(Tarrant No. 0627080),** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | Civil Action No. 4:20-cv-1205-O | |
| § | | |
| **BILL WAYBOURN, Sheriff,** § | | |
| **Tarrant County, Texas, et al.,** § | | |
| § | | |
| **Defendants.** § | | |

**MEMORANDUM OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A(B) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Rondale Raynard Wright, Sr.'s ("Wright") case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Having reviewed the current operative pleading, the Court finds that all claims in this action must be **DISMISSED** under authority of these provisions.

**I.    BACKGROUND**

This civil action was severed out of case number 4:20-cv-1065, when Rondale Wright filed a document asserting his own claims for relief in a suit then pursued by another Tarrant County Jail inmate. Ord. Severance, *Ward v. Texas*, No. 4:20-cv-1065, ECF No. 2. Plaintiff Wright initially complied with a Court order to file an amended complaint. ECF No. 8. After he then filed numerous partial supplemental pleadings, the Court struck those documents, but also provided Wright an opportunity to state all of his claims on a second amended complaint. ECF No. 17. Wright initially failed to timely comply, resulting in the Court dismissing his claims without prejudice under Federal Rule of Civil Procedure 41(b). ECF Nos. 18, 19. Wright, however, then

1

filed a motion for relief from judgment along with the second amended complaint, and a later notice of appeal. ECF Nos. 24, 25, and 27. The Court granted the motion for relief from judgment and vacated the order of dismissal and judgment, and the court of appeals subsequently dismissed the appeal and issued its mandate. ECF Nos. 28, 29, 35, and 37. Thus, the second amended complaint is the operative pleading before the Court. Sec. Am. Compl., ECF No. 25. Wright was expressly informed before he prepared the second amended complaint that once that pleading was filed, the Court would "look only to that document with any attachment pages in reviewing his claims." Order for [Second] Amended Complaint 3, ECF No. 17.

Wright names seven defendants: Bill Waybourn, Sheriff, Tarrant County, Texas; Thomas Wilder, District Clerk, Tarrant County, Texas; Ruben Gonzalez, Judge, Tarrant County, Texas; Cheril Hardy, Judge, Tarrant County, Texas; Grand Jurors, Tarrant County, Texas; Police Chief, Fort Worth, Texas; and the Fort Worth Police Department. Sec. Am. Compl. 3, ECF No. 25. As to all of these defendants, Wright initially writes the phrases "cruel and unusual punishment, unconstitutional acts of retaliation, conflict[s] of interest, obstruction of justice, perjury, public corruption, false imprisonment, and racial injustice." *Id*. Wright then asserts the following statement of claim, which the Court quotes verbatim:

> All acts within Tarrant County, Texas time from May 1, 2020 until February 1, 2021, Judge's Ruben Gonzalez & Cheril Hardy unconstitutional rulings in motion that state my rights to be aid of access to due process of law. The judges did not follow section 1654 of Title 28 of the United States code. No Grand Jury array, no quorum, no presentation in open court. So all judgment should be void due to fraud [and] lack of jurisdiction issues due to Grand Jury not able to gain true subject-matter jurisdiction. Court acted very inconsistently with due process of law. An unsealed indictment was issued. District clerk never turned over records but opened mail that was address for U.S. Court. The Court abused its discretion when it failed to verify that of Texas Penal Code § 43 . . . incorporates Texas Penal Code § 33.021 [sic].

*Id.* at 4.

2

In attachment pages, Wright complains that he was not given access to a Grand Jury array in violation of his right to due process of law. *Id.* at 6. He complains that Judges Gonzalez and Hardy did not honor his "right to conduct [his] own motions without aid of counsel." *Id.* He also contends the indictment was not timely, and that he was not timely provided copies of portions of the record. *Id.* Wright contends he had a right to an examining trial, and the failure to provide one was an abuse of discretion. *Id.* at 7. He also contends that the filing of a false indictment amounted to a void indictment, and he raises other challenges to the validity of the indictment. *Id.* Wright also contends he was prejudiced by counsel's performance, and again complains that his own pro se motions were not considered. *Id.* at 7-8.

With regard to District Clerk Thomas Wilder, Wright contends that he opened mail intended for this federal court, and that Wilder and Tarrant County Sheriff's deputies interfered with his efforts to supply an in-forma-pauperis document to this Court. *Id.* at 8. He alleges this conduct was the result of the failure of Bill Waybourn to properly train or supervise the staff of the Tarrant County Sheriff's office. *Id.* at 8-9. Wright contends that the delay in providing completed certificate of inmate trust account information by Tarrant County officials under the "watch of Bill Waybourn" deliberately deprived him of access to courts and interfered with his "liberty to provide true facts in [his] favor of the action of pure and clear obstructions and corruption [sic]." *Id.* at 9.

Wright next contends that the Fort Worth Police Department filed a charge of sexual assault of a child for which there was no corroborating evidence, and he claims this resulted from racial injustice. *Id.* Relatedly, Wright alleges the Chief of Police was to review all evidence before a charging decision was made, but held no investigation, and did not provide him access to evidence

in his own favor, resulting in his false imprisonment and cruel and unusual punishment for which he seeks the cash relief of $20 million. *Id*. at 9-10. Wright seeks recovery for the "real pain to [his] mental health." *Id.* at 10. Wright also refers to the Americans with Disabilities Act. *Id.* He does not allege he sustained any physical injury.

Wright additionally complains of the limited access to the Tarrant County law library due to Covid-19, but he acknowledges that under the applicable law of "*Bounds*" [*Bounds v. Smith*, 430 U.S. 817 (1977)], a violation of access to courts requires that he show any inadequacy in law library access prevented him from meeting a filing deadline. *Id*. at 11.

Next, Wright recites that he has not been able to enjoy any of his rights, and then specifically cites to the Eighth, Ninth, Tenth, Twelfth, Nineteenth, and Fourth Amendments to the Constitution. *Id.* at 12. He also alleges that he has the right to a "speedy public trial by an impartial jury" and to know the nature and cause of the accusations against him. *Id.* at 12-13. Wright again recites a litany of alleged rights that were infringed in the state criminal proceedings, quoted verbatim as follows:

> [An accused] shall not be compelled to give evidence against self, and shall have the right of being heard by himself or counsel, or both, shall be confronted by the witnesses against him and shall have compulsory process for obtaining witness in my favor, except that when the witness resides away from the State and the offense charged is a violation of any anti-trust laws of the Texas State. The defendant and the State shall have the right to produce and have the evidence admitted by deposition under such rules and laws as the legislature may hereafter provide; and no person shall be held to answer for a criminal offense, unless on an indictment of grand jury, except in cases in which the punishment is by fine or imprisonment, otherwise than in the penitentiary in cases of impeachment, and in cases arising in the army or navy.

*Id.* at 13.

Lastly, again quoted verbatim, Wright asserts that Thomas Wilder's

4

> taking of property that was not address to Tarrant County Court Judge Ruben who filed motion that was not addressed to courts for which I showed that my mail was sent to the wrong had refused by Tarrant County Jail Staff to sign inmate trust and the acts to not let me have action in court deprived my life to aid care for my family at a time where COVID-19 took the life of my mother [sic].

*Id.* at 13-14.

For relief in this proceeding, Wright seeks to "[u]phold law of the Constitution access cash relief that is in good standing for the case of pain I face and respect plus honor order of law. I seek court to grant 20 million in pain and suffering [sic]." *Id.* at 4. Wright also seeks declaratory and injunctive relief against his ongoing criminal proceeding, writing "[t]he declaratory and injunctive relief I feel is to be done with a clear respect to me . . . .[sic]" *Id.* at 10.

## II. LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Wright is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Wright is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when

5

it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

## III. ANALYSIS

### A. Absolute Immunity

With regard to Plaintiff's claims for monetary compensation against Judges Ruben Gonzalez and Cheril Hardy, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Boyd v. Biggers*, 31 F.3d 279, 284-285 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Wright does not make this showing. Rather, his claims arise solely from alleged conduct which occurred during and arising from the criminal cases presided over by Judges Gonzalez and Hardy. Because the complained-of conduct by each of the defendant judges was judicial in nature and undertaken pursuant to the jurisdiction provided to Judge Gonzalez in the 432nd District Court, Tarrant County, Texas, and to Judge Hardy in the County Criminal Court Number 7, Tarrant County, Texas, these judges are entitled to absolute

immunity from Plaintiff's claims for compensatory monetary damages.

### B. Failure to State a Constitutional Violation as to Some Claims

As noted above, Wright includes many claims related to the ongoing criminal process he is subject to in the state courts of Tarrant County, Texas, and those claims will be addressed *infra*. Wright also asserts other claims of constitutional violations related to allegations of interference with his legal mail, interference with court-requested documents, and limitations on his law library access. Sec. Am. Compl. 4, 8-9, 13-14, ECF No. 25. In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases); *Resident Council of Allen Parkway Village v. U.S. Dep't of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir. 1993). Plaintiff's allegations regarding the interference with his mail, the alleged failure by defendant Bill Waybourn and unnamed Tarrant County sheriff's deputies to properly assist him in providing in-forma-pauperis data to this Court, and his related allegations about limited access to the law library, all fail to satisfy the first element.

With regard to the legal mail claims, the Court assumes Wright is alleging infringement of either his constitutional right of access to courts or his First Amendment right to free speech. *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (legal mail tampering claim implicates both right of access to courts and right to free speech); *Brewer v. Wilkinson*, 3 F.3d 816, 819 (5th Cir. 1993); *see generally Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Bounds*, 430 U.S. at 819-20 (recognizing prisoners have a constitutional right of access to courts). But, in order to state a claim for interference with access

to courts, a Plaintiff must allege that he suffered some actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th. Cir. 1998); *see also Nwaebo v. Reno*, No. Civ. A. 95-7306, 1996 WL 421961, at *4 (July 18, 1996) (applying *Lewis v. Casey's* actual-injury requirement to a prisoner's claim that his constitutional right of access to courts was infringed by the opening of his legal mail), *aff'd,* 124 F.3d 188 (3rd Cir. 1997).

Similarly, in order to support a claim for interference with the right to free speech based on the handling of legal mail, a claimant must do more than allege simply that his legal mail was opened and inspected outside of his presence. *See Walker*, 4 F.3d at 413 (allegation that incoming mail was opened and read, but not censored, did not state a constitutional violation); *Brewer*, 3 F.3d at 824 (noting that allegations that mail was opened and inspected outside inmate's presence and in violation of prison regulation, without additional allegation that such practice affected the inmate's ability to prepare or transmit a document, or allegation that the mail had been "censored," did not state a cognizable constitutional claim) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 410 (1989) and *Turner v. Safley*, 482 U.S. 78, 87 (1987)). The Fifth Circuit has noted, "[t]he opening of incoming legal mail outside an inmate's presence for the purpose of inspecting for contraband does not violate a prisoner's constitutional rights." *Clemons v. Monroe,* 423 F. App'x 362, 364 (5th Cir. 2011) (citing *Brewer*, 3 F.3d at 825).

Wright complains specifically that his right to provide information to this Court in this particular case was interfered with by Tarrant County Sheriff's staff by "deliberately depriving" him of access to a court-ordered certificate of inmate trust account. Compl. 9, ECF No. 25. The docket of this case shows that there was a delay in obtaining trust account information on Wright's behalf, but the Court was able to issue the relevant order imposing the filing fee collection procedures under the Prison Litigation Reform Act ("PLRA"), and there was no undue prejudice to Wright's position in this suit. Filing Fee Order ¶¶ 1-3 n.1, ECF No. 16. Other than that specific

8

allegation, Wright complains generally of the opening and reading of the mail outside of his presence. But Wright has not set forth other facts that the opening of any legal mail interfered with, delayed, or hampered his access to court or interfered with his First Amendment rights.

Relatedly, Wright complains of his limited law library access due to COVID-19. The Supreme Court, in *Bounds,* 430 U.S. at 828, recognized a fundamental constitutional right of access to the courts, but has since clarified the scope of a prisoner's right of access to the courts and found that a prisoner must allege an actual injury to support a claim for a violation of such right:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense . . . [t]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

*Lewis,* 518 U.S. at 351. Thus, in order to state a claim based upon interference with access to a law library, Wright must set forth that the complained-of action hindered his efforts to pursue a legal claim. *See Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (inmate alleging denial of access to courts must demonstrate actual injury) (citing *Ruiz*, 160 F. 3d at 275 ) (holding that without proof of actual injury a prisoner cannot prevail on an access-to-the-courts claim); *see also McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998) (noting a plaintiff challenging the adequacy of the law library must show prejudice to his position as a litigant) (citations omitted). Wright has not done this.

Thus, this Court holds that Wright's claims arising from the alleged opening and reading of his legal mail, the alleged failure to provide him certain inmate account data, and the alleged interference with his right to access the law library, without stating facts that he was subjected to actual injury by hindering his efforts to pursue a legal claim, fail to state cognizable claims of

9

violation of a constitutional right and must be dismissed.

### C. Limitation on Claims for Compensatory Damages under 42 U.S.C. § 1997e(e)

In his request for relief from this Court in the second amended complaint, Wright seeks compensatory monetary damages of $20 million for "pain and suffering." Sec. Am. Compl. 4, ECF No. 25. As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . .." 42 U.S.C. § 1997e(e). In his second amended complaint, Wright does not allege any physical injury.

The physical injury requirement now codified in § 1997e(e) has long been recognized as applying to claims under the Eighth Amendment. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). The Fifth Circuit then held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). The Fifth Circuit subsequently noted that "1997e(e) applies to *all federal civil actions* in which a prisoner alleges a constitutional violation," and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury preclude[s] his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original).

Wright has not alleged a physical injury on his allegations of constitutional violations.

Thus, the Court additionally finds that his claims for compensatory damages are barred by § 1997e(e).[1]

### D. Americans with Disabilities Act ("ADA")

As noted, Wright includes a reference to the Americans with Disabilities Act (ADA). Sec. Am. Compl. 10, ECF No. 25. Title II of the ADA prohibits "disability discrimination in the provision of public services." *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011). Specifically, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. To establish a viable claim, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) he is being discriminated against by reason of his disability. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011); *Back v. Texas Dep't of Criminal Justice Institutional Div.*, 684 F. App'x 356, 358 (5th Cir. 2017). Wright does not claim to have any disability, and other than citing to the ADA, his complaint otherwise does not recite any health condition that could qualify as a disability. Absent a showing that Wright was discriminated against or adversely treated by reason of a disability, he fails to establish a claim under the ADA. *See Davidson v. Texas Dep't of Criminal Justice*, 91 F. App'x 963, 965-66 (5th Cir. 2004) (affirming dismissal of an inmate's ADA claim because he failed to allege or show that he was adversely treated solely by reason of a disability); *see also Hay v. Thaler*, 470 F. App'x 411, 418, 2012 WL 2086453, at *4 (5th Cir.

---

[1] Section 1997e(e) does not preclude claims for nominal or punitive damages (*Hutchins,* 512 F.3d at 198) or for injunctive or declaratory relief (*Harper,* 174 F.3d at 719). Wright, however, does not assert claims for nominal or punitive monetary damages. Sec. Am. Compl. 4, ECF No. 25.

2012) (dismissing an inmate's claims under the ADA for failing to show that the alleged discrimination was by reason of his disabilities). Therefore, to the extent Wright raises a claim under the ADA, the Court finds that it must be dismissed.

### E. *Younger* Abstention

As noted above, Wright seeks declaratory and injunctive relief against his ongoing state criminal proceedings. Sec. Am. Compl. 10, 18 (copy of indictment), ECF No. 25. This includes claims against the Grand Jurors of Tarrant County, the Fort Worth police chief, and the Fort Worth Police Department. Sec. Am. Compl. 3, 7-10, ECF No. 25. With regard to Wright's many remaining factual allegations and claims challenging his pending charge and the proceedings in his underlying criminal case in state court, the Court notes that, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here. *Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489-1490 (5th Cir. 1995). Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Debating and Lite*rary *Ass'n*, 42 F.3d at 1490. As to *Younger's* application to ongoing criminal prosecutions, this Court should abstain except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *see also Younger*, 401 U.S. at 44.

All prerequisites for abstention under *Younger* are met here. There are ongoing state

judicial criminal proceedings. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 11171, 1176 (5th Cir. 1984). Wright has a full opportunity to raise constitutional challenges in the ongoing state prosecution, on direct appeal in the event of a conviction(s), or through a state habeas writ challenging his detention or conviction. *See id.* ; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). The Court will, therefore, abstain from exercising jurisdiction over Wright's remaining § 1983 claims for injunctive and declaratory relief. *See Boyd v. Farrin*, 575 F. App'x 517, 518-19 (5th Cir. 2014) (affirming district court's dismissal of § 1983 claims for injunctive relief challenging grand jury procedure as properly dismissed under *Younger*); *see also Lewis v. Quisenberry*, No. 4:17-cv-1022-A, 2017 WL 6729184, at *2 (N.D. Tex. Dec. 28, 2017) (dismissing § 1983 claims challenging the legality of evidence presented in ongoing state court criminal proceedings as barred by *Younger* abstention); *Peralta v. Caldwell*, Civ. No. 15-1385, 2015 WL 7451206, at *4 (E.D. La. Nov. 23, 2015) (claims seeking relief under § 1983 and other civil rights statutes on ground that grand jury indictment was based on false evidence dismissed under the *Younger* abstention doctrine); *see generally Phillips v Dallas Cnty. Sheriff's Dep't*, No. 3:16-cv-1680-D, 2017 WL 658749, at *2 (N.D. Tex. Jan. 12, 2017) (finding that claims of unlawful arrest against the Dallas Police Department should be dismissed under the *Younger* abstention doctrine), *rep. and rec. adopted*, 2017 WL 635086 (N.D. Tex. Feb. 16, 2017). Thus, the Court concludes that Wright's remaining claims under 42 U.S.C. § 1983 must be dismissed under the *Younger* abstention doctrine.

## IV. CONCLUSION and ORDER

It is therefore **ORDERED** that all plaintiff Rondale Raynard Wright, Sr.'s claims for monetary damages against District Judges Ruben Gonzalez and Cheril Hardy are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

It is further **ORDERED** that Wright's claims for compensatory monetary damages; his claims for interference with his right of access to court through the opening and reading of his legal mail and failing to provide him inmate account data; and his claim for interference with his right to access the law library, are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further **ORDERED** that all Wright's remaining claims for injunctive or declaratory relief challenging the ongoing criminal proceedings in state court are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **4th day** of **November, 2021.**

*[signature: Reed O'Connor]*

Reed O'Connor
UNITED STATES DISTRICT JUDGE